Opinion issued October 28, 200



4 


















In TheCourt of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00788-CR
____________
 
IVORY BOLDEN COOPER III, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Criminal Court at Law No. 11 
Harris County, Texas
Trial Court Cause No. 1161915
 

 

MEMORANDUM OPINIONA jury found appellant, Ivory Bolden Cooper III, guilty of the offense of
prostitution. The trial court assessed appellant’s punishment at confinement for 180
days, suspended appellant’s sentence, placed him on community supervision for six
months, and fined him $300. In two points of error, appellant contends that the
information was “fundamentally defective”


 and that the evidence was legally and
factually insufficient to support his conviction. We affirm.
Facts
          Houston Police Officer G. Das testified that, on March 6, 2003, as part of a
“reverse prostitution sting,” she posed as a prostitute near a Houston Police
Department substation at the intersection of Crosstimbers and Castor streets. Das
wore jeans, a flannel shirt, and a jacket, which she testified was typical attire for
prostitutes in that area. At approximately 11:45 p.m., appellant drove past Das in his
black Lexus, made a u-turn, and returned to Das’s location. Das did not signal for
appellant to stop. Appellant called out to her and initiated the following 
conversation, which was tape-recorded by Das and was admitted into evidence by the
trial court:
Appellant:How are you doing?
Officer Das:Hey, are you by yourself?
          Appellant:              Yeah.
          Officer Das:           Okay. I’ve got a room, if you want it.
          Appellant:              Come on.
          Officer Das:           Do you want to do it here or in the room?
          Appellant:              In the room.
          Officer Das:           You want to fuck?
          Appellant:              Yeah.
          Officer Das:           Okay. I got to have $25, okay? Do you have it?
          Appellant:              Yeah.
Officer Das:Okay. Don’t fuck me on this, all right? You want to
meet me over there? It’s at Timber.
 
Appellant:I’m not going to fuck you like that. Come on. I will
go with you right now.
 
          Officer Das:           Okay. Let me get my clothes. 
After the conversation, Das walked away from appellant’s car, and Houston Police
Sergeant W. Powell and Houston Police Officer D. Mendietta arrested appellant. 
          Mendietta testified that, as part of the undercover operation, he had monitored
the conversation on a cellular telephone, listening for the elements of the offense of
prostitution. He saw appellant’s black Lexus approach Das and noted that Das did
not signal for appellant to stop, but, rather, had her hands in her pockets. Once
Mendietta heard “a specific mention in this case of a fuck and that the defendant
agreed to pay $25 for that,” Mendietta signaled for Sergeant Powell to arrest
appellant. 
          Powell testified that he was assigned to the undercover operation to provide
protection for Das and to arrest suspects for committing the offense of prostitution. 
Powell also saw appellant’s black Lexus approach Das and noted that Das did not
signal appellant to stop. Soon after, appellant rolled down his window, Das walked
toward appellant, and Powell received a signal from Mendietta to arrest appellant. 
          Appellant, an off-duty Harris County Sheriff’s deputy, testified that on March
6, 2003, he had been invited to attend a party at a club on Crosstimbers Street. On
his way to the club, appellant saw Das standing in the middle of the street. He
assumed that she was looking for a ride or waiting for the bus. However, appellant
did not stop at that time and drove to the club. Appellant then decided not to enter
the club because not many people appeared to be inside. As appellant drove away
from the club, Das signaled for him to stop by putting both her hands out. He thought
that Das was a mentally-ill person, a drug addict, or someone who just needed help. 
Das told him that she needed some money and then asked him for sex. Appellant was
“listening to her, evaluating the situation, as [he] was trained in the Harris County
Sheriff’s Department.” After the conversation ended, he began to drive away, but
Powell stopped him. Powell and Mendietta then arrested him for the offense of
prostitution. 
          Appellant further testified that he did not ask to have sex with Das, agree to pay
her $25, meet her in a hotel room, or let her into his car. He was not aware that Das
was a prostitute until she solicited him for sex, and he did not believe that the tape
recording of the conversation was accurate. However, during cross-examination,
appellant testified that he did, in fact, agree to engage in sexual intercourse with Das
and that “the two of [them] agreed to a price of $25 for a fuck.” But appellant stated
that he did not intend to actually engage in sexual intercourse with her and that he did
not agree that $25 constituted a fee. On redirect examination, appellant testified that
he did not agree to pay $25, and, on recross-examination, he stated that he “made a
mistake” and “did not agree to have sex with her.”Waiver
          As part of his first point of error, appellant contends that the information was
“fundamentally defective.” The information alleges that “[t]he Defendant . . . did . . .
unlawfully knowingly agree to engage in sexual conduct, namely, sexual intercourse,
to wit: Straight sex, with G. Das, for a fee by agreeing to engage in straight sex with
G. Das.” Appellant argues that the information was “improperly pled” and “did not
state a crime” because it “does not allege that Appellant agreed to pay Das money as
a fee. Instead, it awkwardly alleges that Appellant agreed to pay Das a fee by
agreeing to have straight sex with Das.” Appellant asserts that the “prepositional
phrase ‘by agreeing to engage in straight sex with D. Gas’ [sic] modifies the noun
fee,” and that, as a result, “the information was void and the trial court never obtained
jurisdiction.” 
            However, if a defendant does not object to a defect, error, or irregularity of
form or substance in an information before the date on which the trial commences,
he waives and forfeits the right to object to the defect, error, or irregularity, and he
may not raise the objection on appeal or in any other post-conviction proceeding. 
Tex. Code Crim. Proc. art. 1.14(b) (Vernon Supp. 2004-2005). Here, appellant
waived any complaint of a defect in the information by failing to file a motion to
quash or to otherwise object to the information before the trial on the merits began. 
Id.; see Clements v. State, 19 S.W.3d 442, 447-48 (Tex. App.—Houston [1st Dist.]
2000, no pet.). Therefore, we hold that appellant did not preserve any error for
review. Tex. R. App. P. 33.1(a).
          We overrule that portion of appellant’s first point of error in which he contends
that the information was “fundamentally defective.”
Sufficiency of the Evidence
          In the remainder of his first point of error, appellant argues that the evidence
was legally insufficient to support his conviction because the State did not prove that
appellant agreed to engage in sexual conduct with Das in exchange for a fee of $25. 
In his second point of error, appellant argues that the evidence was factually
insufficient to support his conviction for the same reason.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In our review of the factual sufficiency
of the evidence, we view all of the evidence neutrally, and ask whether the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Zuniga v.
State, 2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004). In both a legal and
a factual sufficiency review, we may not substitute our own judgment for that of the
fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).
          A person commits the offense of prostitution if he knowingly offers to engage,
agrees to engage, or engages in sexual conduct for a fee. Tex. Pen. Code Ann. §
43.02(a)(1) (Vernon 2003). 
          Appellant asserts that, even assuming that he had accepted Das’s offer, he
never agreed to engage in sexual conduct for a fee of $25. Rather, appellant argues
that he simply acknowledged that he had $25 when Das stated, “I got to have $25.” 
Furthermore, appellant asserts that “it is reasonable to believe that, at the time of the
conversation, [he] did not understand that Das wanted twenty-five dollars as
compensation” for engaging in sexual conduct. Instead, appellant asserts that he
could have reasonably believed that the money was needed to pay for a hotel room. 
          However, Das made an audio tape recording of the conversation between
appellant and herself, which was admitted into evidence, and Das also summarized
the conversation at trial. When Das informed appellant that she had a hotel room if
he wanted one, appellant said, “Come on.” After Das asked whether appellant wanted
“to do it here or in the room,” appellant answered, “In the room.” Furthermore,
appellant replied, “Yeah,” when asked if he wanted to go to a hotel room with Das
to “fuck.” When Das said she needed to have $25, appellant indicated that he had the
money. Finally, when Das asked whether appellant wanted to meet her over at the
hotel, appellant replied, “Come on. I will go with you right now.” 
          Appellant relies on Iles v. State, 637 S .W.2d 940 (Tex. Crim. App. 1982), in
support of his contention that the evidence presented here was insufficient. However,
in Iles, the Court of Criminal Appeals held that the evidence was insufficient because
the appellant did not offer or negotiate a sex act for a fee, but indicated that he would
perform the sexual act for no money. Id. at 941. Here, after agreeing to engage in
sexual conduct with Das, appellant responded that he had the money when Das told
him that she needed $25 in order to engage in such conduct. 
          Considering this evidence, a rational fact finder could have found, beyond a
reasonable doubt, that appellant agreed to engage in sexual conduct for a fee. Tex.
Pen. Code Ann. § 43.02(a)(1). Accordingly, we hold that the evidence was legally
sufficient to support appellant’s conviction, and we overrule that portion of
appellant’s first point of error in which he contends that the evidence was legally
insufficient to support his conviction.
          In support of his argument that the evidence was factually insufficient to
support his conviction, appellant relies on his own testimony. Appellant testified that
he did not ask to engage in sexual intercourse with Das, agree to pay her $25 in
exchange for sexual intercourse, or agree to meet her in a hotel room. Appellant
further testified that he was not even aware that Das was a prostitute until she
solicited him for sex. However, as revealed on the tape recording of the conversation
between appellant and Das, appellant replied, “Yeah,” when asked if he wanted to
“fuck.” Additionally, when Das informed appellant that she had a hotel room, he told
her, “Come on,” and said that he wanted to “do it” “[i]n the room.” Moreover, when
Das asked, “I got to have $25, okay? Do you have it?,” appellant replied that he did
have that amount. Immediately thereafter, appellant agreed to go with Das to a
nearby hotel room. On cross-examination, appellant admitted that he, in fact, agreed
to have sex with Das. Although appellant later testified that he had no intention of
actually following through with the agreement, a person may knowingly offer to
engage in or agree to engage in sexual conduct for a fee and commit an offense under
section 43.02(a)(1) without having the intent to actually consummate the sexual
conduct. Mattias v. State, 731 S.W.2d 936, 937 (Tex. Crim. App. 1987). 
          As the exclusive judges of the facts, the credibility of the witnesses, and the
weight to be given their testimony, the jury was free to believe or disbelieve all or any
part of appellant’s or Das’s testimony. See McKinny v. State, 76 S.W.3d 463, 468-69
(Tex. App.—Houston [1st Dist.] 2002, no pet.). Viewing all of this evidence
neutrally, we conclude that the evidence was not so obviously weak as to undermine
confidence in the jury’s determination and was not so greatly outweighed by contrary
proof as to indicate that a manifest injustice occurred. Accordingly, we hold that the
evidence was factually sufficient to support appellant’s conviction.
          We overrule appellant’s second issue.
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).